UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE S. CLARK,<br><br>        Plaintiff,<br><br>  v.<br><br>DANA WOODY & ASSOCIATES, INC., DANA WOODY BREWER, TRES CHIC BOUTIQUE, VETERANS TRANSITION SERVICES, INC. and DOES 1-25,<br><br>        Defendant. | Civil No. 09cv2931-CAB (DHB)<br><br>**ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO VTS [Doc. No. 66] AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ALTER EGO [Doc. No. 100]** |

  Before the Court is Defendants' motion for summary adjudication as to VTS [Doc No. 66] and Plaintiff's motion for summary adjudication as to alter ego [Doc. No. 100]. On January 29, 2013 the Court held oral argument on the motions.[1] Kathleen M. Hartman, Esq. appeared on behalf of the Plaintiff. Douglas Jaffe, Esq. appeared on behalf of Defendants. For the reasons set forth below, the Defendants' motion is **DENIED** and the Plaintiff's motion is **DENIED.**

## I. BACKGROUND

A. Factual Background.

  Plaintiff Jeannette Clark was employed at Dana Woody & Associates, Inc.

---

[1] The Court also held oral argument with regard to Plaintiff's motions regarding Defendants' experts. [Doc. Nos. 67-71.] The Court ruled from the bench as to those motions. [Doc. No. 145.]

("DWA") as a vocational rehabilitation counselor from 1993 until September 30, 2009. Defendant Dana Woody Brewer ("Brewer") owns DWA and is its sole officer. It is alleged that Brewer also owns two other businesses – Tres Chic Boutique ("Tres Chic") and Veterans Transition Services, Inc. ("VTS"). Those entities are sued as alter egos of Brewer and DWA.

Plaintiff brings this action to recover wages, damages, penalties, interest, costs of suit, and attorneys' fees resulting from Defendants' alleged failure to pay wages, late payment of wages, payment of wages with dishonored checks, fraud, violations of ERISA in connection with Plaintiff's 401(k) account and healthcare account, and unfair business practices. [Doc. No. 3 at 1-2.]

B. Procedural Background.

On July 13, 2012, this Court granted in part and denied in part Plaintiff's motion for summary adjudication. [Doc. No. 74.] Among other things, the Court granted summary adjudication in favor of Plaintiff as to the eighth, ninth, eleventh and thirteenth causes of action, but only as to liability and only as to defendant DWA.

On June 25, 2012, Defendants filed a motion for summary judgment/adjudication that Defendant VTS is entitled to judgment as a matter of law. [Doc. No. 66.] On January 7, 2013, Plaintiff filed an opposition under seal. [Doc. No. 113.] On January 11, 2013, Plaintiff filed a supplemental opposition under seal. [Doc. No. 121.] On January 18, 2013, Defendants filed a reply to the opposition. [Doc. No. 125.] On January 25, 2013, Defendants filed an opposition to the supplement under seal. [Doc. No. 144.]

On December 4, 2012, Plaintiff filed a motion for summary adjudication as to the alter ego claims under seal. [Doc. No. 100.] On January 11, 2013, Defendants filed an opposition to Plaintiff's motion under seal. [Doc. No. 123.] On January 24, 2013, Plaintiff filed a reply to the opposition under seal. [Doc. No. 142.]

## II. DISCUSSION

A. Standard of Review.

Summary judgment/adjudication is proper only upon a the movant's showing "that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Industrial Maintenance Engineering & Contracting CO.*, 200 F.3d 1223, 1229 (9th. Cir. 2000). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Id.,* citing *Anderson*, 477 U.S. at 248.

"*Where the moving party has the burden*–the plaintiff on a claim for relief or the defendant on an affirmative defense–*his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)(emphasis in original), quoting from *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 FRD 465, 487-488 (1984).

The opposing party may not rest upon its pleadings. Rather, to avoid summary judgment, it must *affirmatively show* a "genuine dispute" as to a "material fact." Cal. Practice Guide: Federal Civil Procedure Before Trial § 14:100, at 14–29, quoting Fed. R. Civ. Proc. 56(c). "Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, (former) Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Cal. Practice Guide: Federal Civil Procedure Before Trial § 14:114, at 14–49, quoting *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-324(1986)(parenthesis added).

B. <u>Defendants' motion for summary judgment as to VTS.</u>

Defendants seek summary judgment as to Defendant VTS, which is sued only as an alter ego. According to Defendants, VTS should be granted summary judgment because: 1) the allegations do not meet the legal threshold for alter ego; and 2) this is "reverse corporate piecing" which is not recognized in California. [Doc. No. 66-1 at 5.]

The Ninth Circuit applies California law to the alter ego doctrine. *Christian and Porter Aluminum Co. v. Titus,* 584 F.2d 326, 337 (9th Cir. 1978). Under California law, "There is no litmus test to determine when the corporate veil will be pierced; rather the result will depend on the circumstances of each particular case." *Mesler v. Bragg Mgmt. Co.*, 39 Cal.2d 290, 300 (1985). "[T]he doctrine is essentially an equitable one and for that reason is particularly within the province of the trial court. Only general rules may be laid down for guidance." *Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825, 837 (1962). The two general rules established by the California Supreme Court are: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler*, 39 Cal.2d. at 300.

When applying these rules to particular cases, California courts have considered a variety of factors, including: commingling of assets; diversion of corporate assets to personal use; whether the individual defendants held themselves out as personally liable for the debts of the corporation; whether the individual defendants acted in bad faith; whether the individual defendants entered into contracts with the intent to avoid performance by using the corporate entity as a shield against personal liability; whether the individuals and corporation used the same office; whether they employed the same attorney; whether the individuals used the corporation to procure labor, services and merchandise for another person or entity; whether the individuals failed to adequately capitalize the corporation; and whether the individuals failed to maintain minutes or adequate corporate records. *Assoc. Vendors*, 210 Cal.App.2d at 838–840 (citations omitted).

According to Defendants, VTS is a government contractor with the Department of Veterans Affairs (VA) that provides educational and vocational counseling services to disabled veterans and military personnel transitioning out of service. VTS is "majority owned and Department of Veterans Affairs certified Service Disabled Veteran Owned

Small Business (SDVOSB)," which according to Defendants means more than half the of the Board members must be service disabled veterans. [Doc. No. 66-1 at 3;Doc. No. 66-2 at 2, ¶ 3.] Brewer only owns 1% of the issued shares and is not a disabled veteran. [Doc. No. 66-1 at 4; Doc. No. 66-2 at 2, ¶ 4; Doc. No. 66-3 at 3.]

Defendants first argue that VTS is not an alter ego of Brewer or DWA because there is no "unity of interest." [Doc. No. 66-1 at 6.] According to Defendants, Brewer is merely a minority owner and employee of VTS and therefore, as a matter of law, VTS cannot be her alter ego. However, Plaintiff has provided a plethora of evidence that suggests (or at least raises a triable issue of fact) that VTS is essentially the successor to DWA. For example, there is evidence that DWA paid for VTS incorporation and legal fees [Doc. No. 113 at 8, and evidence cited therein] and that VTS used the same office, telephone and employees as DWA. [Doc. No. 113 at 11-13, and evidence cited therein]. Defendants' only response to the *evidence* presented by Plaintiff is to set forth inadmissible legal conclusions by Mr. Houck and Ms. Brewer that there was no unity of interest, no commingling of funds, etc., among the defendants.[2] These inadmissible legal conclusions are not *evidence*. *Celex Corp.*, 477 U.S. at 323-324. Defendants also argue that VTS is not the alter ego of DWA because DWA is not a shareholder. But Plaintiff has provided evidence that it was DWA, not Brewer, that purchased shares in VTS. [Doc. No. 113-10 at 100.] Moreover, whether or not DWA is a shareholder does not determine whether there is a unity of interest between DWA and VTS. *Assoc. Vendors*, 210 Cal.App.2d at 838–840

Second, Defendants argue that what Plaintiff is trying to do is "reverse corporate piercing," which is not recognized in California. According to Defendants, Plaintiff is trying to pierce the corporate veil to reach VTS' corporate assets in order to satisfy a shareholder's (Brewer's) debts. Defendants cite to *Postal Instant Press v. Kaswa Corporation*, 162 Cal.App.4th 1510 (2008) for the proposition that a third party creditor

---

[2] Plaintiff's objections to Paragraph 5 of both the Houck and Brewer declarations [Doc. Nos. 113-13 and 113-14] are sustained. FRE 602, 701. The Court reserves on all other objections until the time of trial.

may not pierce the corporate veil to reach corporate assets to satisfy a shareholder's personal liability.

However, this is not a situation of reverse corporate piercing. As of now, summary adjudication as to liability has been found as to DWA only. Plaintiff is attempting to show that VTS is the alter ego of DWA because they are two companies that essentially act as one, and not merely because Brewer is a shareholder of VTS . Reverse corporate piecing has nothing to do with alter ego liability between parent-subsidiary or sister companies. See *Greenspan v. LADT, LLC*, 191 Cal.App.4th 486 (2010); *Phillips, Spallas & Angstadt*, 197 Cal.App.4th 1132, 1144 (2011). Here, Plaintiff has set forth sufficient evidence to create a triable issie of fact as to whether VTS is the alter ego of DWA. Therefore, Defendants' motion for summary judgment as to VTS is **DENIED**.

C. Plaintiff's motion for summary judgment as to alter ego

Plaintiff seeks summary adjudication that: (1) DWA, Brewer and Tres Chic are alter egos of each other [Doc. No. 100-1 at 25-26; and 2) DWA and VTS are alter egos of each other [Doc. No. 100-1 at 27-29].

Plaintiff has provided a plethora of evidence that there may be a unity of interest between Brewer, Tres Chic, and DWA. However, Defendants have presented enough *admissible* evidence to create a triable issue of fact as to whether Tres Chic is now owned by a third party. [Doc. No. 123-1 at 6, ¶ 14.] There is also a triable issue as to whether payments made by or on behalf of Brewer with regard to DWA were proper. [Doc. No. 123-1 at 4, ¶ 7, ¶ 9, ll. 17-22.] With regard to DWA and VTS, there is a triable issue as to the corporate structure of VTS and whether the involvement of numerous other owners, who may also have contributed capital and other items to the company, would make the imposition of alter ego liability inequitable. [Doc. Nos. 123-4 through

123-20, all at 2, ¶ 5.][3]  Finally, given the equitable nature of alter ego, these issues will be addressed separately by the Court at the time of trial.  *Fed.R.Civ.P* 42(b); *Siegel v. Warner Bros. Entertainment, Inc.*, 581 F.Supp.2d 1067, 1076 (C.D. Cal. 2008). Therefore, Plaintiff's motion for summary judgment as to alter ego is **DENIED**.

DATED: February 12, 2013

                                                                **CATHY ANN BENCIVENGO**
                                                                United States District Judge

---

[3] To the extent Plaintiff objects to the evidence cited, the objections are overruled.  Otherwise, the Court reserves all rulings on Plaintiff's objections to the Defendants' declarations [Doc. Nos. 142-4 through 142-22], and on Defendants' objections to Plaintiff's evidence [Doc. No. 123-3], until the time of trial.